A90A1123. ABNER v. THE STATE.
(397 SE2d 36)

POPE, Judge.

Defendant Duncan Eric Abner was convicted of burglary of a sporting goods store and four counts of receiving stolen property, including a Cadillac automobile, an Oldsmobile automobile and two shotguns found in the Oldsmobile. Defendant argues the trial court erred in denying his motion for directed verdict on each of the counts charging him with receiving stolen property and erred in denying his motion for mistrial.

1. The evidence showed defendant and his companion, Danny Lee Hunt, were parties to the crime of burglary of a sporting goods store in the early morning hours of June 10, 1988. On that same morning a police officer noticed a Cadillac exiting the parking lot of a shopping mall near the location of the burglary. A black male wearing a distinctive hat was driving the car and a much more heavy set black male was the passenger. The officer was suspicious because the shopping mall had been closed for several hours. He determined that the Cadillac had been reported stolen. A short time later he saw the Cadillac being driven by the heavy set man, who was identified at trial as the defendant, and an Oldsmobile being driven by the person who was originally driving the Cadillac. Investigating officers stopped both cars. They discovered in the trunk of the Oldsmobile a sawed-off shotgun and twenty-four other shotguns which were later identified as property stolen from the sporting goods store. Another stolen shotgun was found under the seat of the car. A search of the Cadillac revealed an instrument which can be used to break into cars, known as a "slim jim," a registration receipt in the name of the person who testified at trial that he was the owner, and a handwritten note signed by the owner concerning repairs and maintenance work to be done to the car. The owner testified his car was stolen either June 9 or 10, 1988,

from the dealership lot where he had left the vehicle for repairs. The record shows the Oldsmobile was also stolen either June 9 or 10 from another dealership lot where the owner had left the car for repairs.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." OCGA § 16-8-7 (a). No evidence was presented from which the jury could infer that defendant was in actual possession or receipt of the Oldsmobile or those two shotguns found in it which were the subject of the counts charging receipt of stolen property. No witness saw the defendant in the Oldsmobile either as passenger or driver. Even under a theory of joint possession with the companion who was driving the Oldsmobile, no evidence was presented to show defendant had knowledge the Oldsmobile was stolen. Knowledge that goods were stolen is an essential element of the offense of receiving stolen property. See *Pruiett v. State*, 159 Ga. App. 396 (283 SE2d 625) (1981). Therefore, defendant was entitled to directed verdict on the three counts relating to the Oldsmobile and the items found within it.

Defendant was in actual possession of the stolen Cadillac. Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge. See *James v. State*, 150 Ga. App. 357 (1) (258 SE2d 40) (1979). " '[G]uilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. (Cits.)' *Watts v. State*, 157 Ga. App. 214 (276 SE2d 884) (1981)." *Pruiett v. State*, supra at 397. Here the evidence showed the Cadillac contained registration papers in the name of the owner and a note in the owner's name concerning car repairs. It also contained a theft tool. This would constitute some evidence that the car belonged to someone other than defendant's companion, who was originally seen driving the car with defendant as a passenger. Since the evidence showed defendant joined with his companion in committing the burglary of the sporting goods store, defendant obviously had reason to know of his companion's propensity for theft. This knowledge together with the evidence the car belonged to someone else would certainly be circumstances sufficient to excite a suspicion of theft in defendant's mind. "If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction." *Castillo v. State*, 166 Ga. App. 817, 819 (305 SE2d 629) (1983). The trial court did not err in denying the motion for directed verdict as to the count charging receipt of stolen property relating to the Cadillac.

2. Defendant's companion, who pled guilty to the same charges, was called as a witness by the State but refused to take an oath,

thereby effectively refusing to testify. Defendant moved for mistrial on the ground that he was necessarily prejudiced by the witness' lack of cooperation and refusal to comply with or submit to the authority of the court. The court denied defendant's motion for mistrial but instructed the members of the jury that they should not be influenced by the acts of the witness and that the witness' behavior should not be held against the defendant. Defendant's attorney answered in response to the trial court's inquiry that the instruction was satisfactory and did not renew his motion for mistrial. We hold the trial court did not abuse its discretion in denying the motion for mistrial and giving curative instructions instead. Moreover, defendant waived his right to appeal the denial of the motion by failing to request further instruction or renewing his motion for mistrial. See *Chandler v. State*, 143 Ga. App. 608 (2) (239 SE2d 158) (1977).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Joseph C. Iannazzone*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Phil Wiley, Assistant District Attorneys*, for appellee.