A91A1604. DARAS v. THE STATE.
(411 SE2d 367)

Birdsong, Presiding Judge.

Joseph Daras appeals his judgment of conviction of theft by receiving stolen property (motor vehicle), driving under the influence, and speeding, and the sentence. He enumerates, based "in particular" on the general grounds, that the trial court erred in denying his motion for directed verdict of acquittal. Held:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Grant v. State, 195 Ga. App. 463 (1) (393 SE2d 737). And, the test established in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for [an appellate court to employ] when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." Humphrey v. State, 252 Ga. 525, 527 (1) (314 SE2d 436); Williams v. State, 199 Ga. App. 566, 567 (1) (405 SE2d 716).

(a) Regarding the offense of speeding, the trial transcript reflects inter alia the following: The stolen vehicle, although old, had a rebuilt engine with oversize pistons. The car was observed on I-75 in Cherokee County in the Highway 92 bridge area traveling at a very high rate of speed. The car was paced, albeit for only a few seconds, at about 100 miles per hour. Police car speedometers are calibrated on a regular basis, and although the exact date of calibration was unknown, the car had been recently calibrated within months of this incident. Sergeant Bishop had been employed by the Cherokee County Sheriff's Department for one-and-one-half years and had been assigned to traffic enforcement for eight months. He previously was a sergeant with the Woodstock Police Department in charge of its traffic unit, had received various training in traffic enforcement, and had issued 300 to 500 traffic citations. He testified, without objection that the speed limit in that part of the county where the incident

occurred is 65 and not 55 miles per hour. Further, appellant told the arresting officer that he was driving at a high rate of speed because "he was in a hurry to get home." Appellant admitted in his in-court testimony that he may have been going faster than the speed limit, but he did not believe he was going 95 or 100 miles per hour.

A speed of "about 100 miles an hour" would violate any speed limit established within the geographical boundaries of this state. OCGA §§ 40-6-181; 40-6-182; 40-6-183. The speed of appellant's vehicle, as ascertained by pacing, was relevant. As a general rule, Georgia law favors the admission of any relevant evidence no matter how slight its probative value. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536). The length of time and circumstances under which pacing was conducted affects only the weight and not the admissibility of the evidence pertaining to the paced speed of the vehicle.

(b) There has been substantial compliance with the provisions of OCGA § 40-6-392 which showed (by Intoximeter 3000 test) that he had a blood alcohol count of .14. No additional testing was requested by defendant after being advised of this right by the officer.

(c) Regarding the offense of theft by receiving stolen property, a motor vehicle, the trial transcript reflects inter alia the following: The vehicle was stolen from a parking lot between the hours of 7:00 and 8:00 p.m. The owner's vehicle registration and insurance forms were in the glove compartment both when the car was stolen and after it was returned to the owner. The vehicle had a Delta parking space authorization on the windshield. Appellant could not produce a driver's license or proof of insurance, and claimed that the car belonged to a friend.

Appellant made an in-court admission that he had received the car from a girl named "Nicky." Appellant knew the girl but "not great," and did not know her last name.

A defendant's knowledge that goods are stolen can be established by both direct and circumstantial evidence. See *Birdsong v. State*, 120 Ga. 850, 853 (3) (48 SE 329). Although guilty knowledge is essential to a conviction of the accused, such knowledge can be inferred from circumstances which would, in the opinion of the jury, lead a reasonable man to believe that the goods were stolen. Id. at 850 (3). And, in a theft by receiving stolen property, where the principal thief is unknown, there is no burden on the State to prove that the thief was not the defendant. *Redding v. State*, 192 Ga. App. 325 (384 SE2d 910). Further, in this case, the trial court instructed the jury as to the inference of guilt that may be drawn from the recent, unexplained possession of stolen property, and that an unexplained possession of recently stolen property will not standing alone support an inference of guilty nor authorize a conviction of theft by receiving stolen prop-

erty. Appellant neither objected nor took exception to this instruction. "Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge." *Abner v. State*, 196 Ga. App. 752, 753 (397 SE2d 36). "Here the evidence showed the [car] contained registration papers in the name of the owner and [insurance papers] in the owner's name. . . ." Id. There is also evidence by defendant's own in-court admission that he obtained the vehicle from a person whom he knew, but "not great." This would constitute some evidence that the car belonged to someone other than defendant's acquaintance, Nicky, who according to the defendant had driven him earlier in the vehicle. This independent evidence, together with the permissible inference, above discussed, was ample evidence of guilt for a rational jury to decide whether that evidence, circumstantial though it may be, was sufficient to warrant a conviction for theft by receiving stolen property as averred. Id. at 753 (1).

2. To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, supra. The trial court did not err in denying appellant's motions for directed verdict of acquittal.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 15, 1991.

*Michael E. McLaughlin*, for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellee.