### A97A2347. GILL v. THE STATE.
(494 SE2d 259)

BIRDSONG, Presiding Judge.

Appellant John Darryl Gill, Sr. appeals his conviction of aggravated assault, terroristic threats and acts, possession of a firearm during the commission of a crime, aggravated stalking, suspended license, open container, and two counts of DUI. He enumerates four errors. *Held*:

1. Appellant's first enumeration of error is without merit. " 'The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with.' " *Cantrell v. State*, 212 Ga. App. 288, 289-290 (2) (441 SE2d 879). In view of the circumstances hereafter discussed, appellant has failed to establish such breach of discretion.

Appellant, over objection by the State, repeatedly cross-examined the victim of the aggravated assault, appellant's estranged wife, regarding the wife's refusal to grant appellant his court-ordered visitation privileges with his children. Among the questions posed to the wife was why she wanted to prevent appellant from talking to and visiting with his children. During the course of the cross-examination, appellant also elicited from the wife hearsay responses regarding physical injury inflicted upon appellant by members of her family. Thereafter, appellant asked the wife how long she had been withholding visitation privileges from the husband. The wife responded that privileges had been withheld since the second week-end when the three-year-old child came home and stated that his "mouth had got taped up." Appellant posed a hearsay objection; the trial court overruled the objection. Thereafter, the wife continued to explain that she also had withheld visitation privileges because, fol-

lowing the first weekend visitation, the child came home "showing me how to roll a joint." Appellant moved for a mistrial and, upon inquiry from the trial judge, replied affirmatively when asked if his grounds were based on the testimony that the child had come home and showed the witness how to roll a joint. The trial court denied the mistrial motion, and appellant elected not to request a cautionary instruction.

Although the wife testified that the child had showed her how to roll a "joint" after visitation with appellant, the wife did not testify before the jury that appellant had rolled a "joint" in the child's presence or had been responsible for such act. The trial court did not abuse its discretion in denying the mistrial motion. In any event, in view of the limited nature of the testimonial disclosure when balanced against the evidence of record, it is highly probable this information would not contribute to the jury's verdict.

Additionally, appellant's trial tactics in questioning the wife extensively about her denial of visitation privileges to appellant and the inherent tacit assertion, arising from such questioning, that visitation was withheld without valid reason, aided in eliciting the hearsay responses from the wife as she attempted to explain the basis for her conduct. A party cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing. *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309). "[D]efense counsel may not take chances propounding questions which may elicit damaging answers and then demand reversal on appeal." *Hutson v. State*, 216 Ga. App. 100, 102 (5) (453 SE2d 130).

2. Appellant's second enumeration of error, as crafted, is without merit. At trial a police captain testified as to testimony which appellant voluntarily gave at a committal hearing during direct examination by his counsel. The police captain stated appellant had testified that "he took a back route, due to the fact he knew his license [was] suspended and the police here knew him and that he made a practice to come that way, and he took a back route to Blackshear." At trial appellant contended the testimony placed his character in issue because it revealed that the police knew him. The mere fact the police recognize or know where a defendant lives does not place that defendant's character in issue. *Childs v. State*, 202 Ga. App. 488, 489 (2) (414 SE2d 714). On appeal, appellant enumerated that the trial court erred in denying his mistrial motion because the testimony was "admitted for the sole purpose of placing the [a]ppellant's character into issue." This incriminating statement in its totality had some relevance regarding the charge of suspended license. Additionally, evidence that the appellant was attempting to avoid police detection immediately before or during the commission of a crime, just like evidence of flight following a crime, is circumstantial evidence of con-

sciousness of guilt. Cf. *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646) (flight). " ' "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it." ' " (Emphasis omitted.) *Bridges v. State*, 246 Ga. 323, 324 (2) (271 SE2d 471). We cannot conclude the State introduced this evidence, as contended by appellant, solely for purposes of placing appellant's character in issue. The trial court did not abuse its discretion in denying appellant's mistrial motion.

3. Appellant contends the trial court erred in denying his motion for directed verdict on the DUI counts "when the State did not prove compliance with the implied consent statute's mandatory language." See generally OCGA § 40-5-67.1. The record discloses that appellant expressly stipulated, at trial, not only as to the chain of custody as to the blood sample taken but also that the blood was taken at a certain time and date, and that implied consent was given. Subsequently, the State did not introduce testimony concerning the warnings given and relied upon the stipulation when appellant moved for a directed verdict. Appellant did not assert to the trial court that the scope of the stipulation as to implied consent was inadequate; rather, appellant informed the trial judge that he had not made any stipulation as to implied consent. This argument in effect only joined the issue before the trial court as being whether the stipulation in fact was made, rather than identifying any issue as to scope of the stipulation.

Appellant now makes an admission in judicio in his appellate brief that "defense counsel stipulated to the blood chain of evidence and that implied consent was given." See generally *State v. Griffin*, 204 Ga. App. 459 (419 SE2d 528) and cases therein cited; *Weir v. McGill*, 203 Ga. App. 431, 432 (3) (417 SE2d 57). However, he contends that the stipulation, which was never withdrawn with the trial court's consent, did not encompass the exact language employed in the implied consent, and therefore the State failed to prove compliance with OCGA § 40-5-67.1. This contention is without merit for two independent reasons. First, inherent in the stipulation that "implied consent was given," is that a "valid" implied consent was given. Secondly, appellant cannot contend, for the first time on appeal, that the stipulation was inadequately worded. "One cannot complain of trial procedure utilized by the trial court which his own trial tactics or conduct procured or aided in causing." *Williams v. State*, 205 Ga. App. at 446 (2); accord *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192), citing *Alexander v. State*, 200 Ga. App. 411, 412 (408 SE2d 485).

4. Appellant's specific enumeration that the trial court erred in failing to give his justification charge request is without merit. Appellant's proposed justification charge was virtually a verbatim

recitation of the language of OCGA § 16-3-21. After reviewing the request to charge the trial court concluded that it was not adjusted to the evidence and declined to give it. Examination of the appellate record reveals that the trial court correctly concluded that the justification charge request was not adjusted to the evidence. It is well settled that "[a] request to charge the jury must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence." *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404). A trial judge does not err in refusing to give a requested charge that, inter alia, is not adequately adjusted or tailored to the case or is not reasonably raised or authorized by the evidence. *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919).

Appellant has not reasonably raised within the scope of his enumeration of error whether the trial court erred in failing sua sponte to give some form of justification charge, based upon a claim of self-defense or defense of another. Accordingly, this issue is not before us on appellate review. See, e.g., *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 18, 1997.

*John R. Thigpen, Sr.*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.

