## A99A2109. WEST v. THE STATE.
### (528 SE2d 287)

PHIPPS, Judge.

After a jury found Robert West guilty of escape,[1] the trial judge sentenced him to ten years confinement in the state penal system. West appeals, claiming that the length of the sentence is excessive and vindictive. Because the trial judge imposed a sentence within the minimum and maximum sentences prescribed by law and we find no evidence that the judge acted vindictively toward West in determining the length of the sentence, we affirm.

On July 14, 1998, West pled guilty to family violence battery for causing visible bodily harm to Regina Arnold and was sentenced to a six-month term in a Clayton County Work Release Program. The program requires the inmates to work during the day and check into a detention facility at night. West enrolled in the program on July 21, 1998, and complied with the program rules until July 31, 1998, when he failed to return at 4:30 p.m. as scheduled. The Clayton County Sheriff's Office waited until the morning of August 2, 1998, to obtain a warrant for West's return.

On July 31, 1998, West left the work release program and went to the house where he previously lived with Regina Arnold. Arnold testified that her relationship with West was over and that he broke into the house. West testified that their relationship was ongoing and that he let himself in with his key. Once inside the house, West went to the bedroom where he saw Arnold and another man. Arnold testified that she was going to call the police, but West ripped the telephone line out of the wall. West then left the house and went walking through the woods, ending up at his mother's house. West later turned himself in to the Jonesboro Police Department and was transferred to Clayton County where he was presented with a warrant for his arrest and placed back into custody.

Prior to trial, the parties engaged in plea negotiations. After a pretrial conference, the trial judge issued an order providing that West could be sentenced to five years (two years to serve and three years on probation) with certain conditions (including domestic violence counseling and a requirement that West stay away from Arnold) and fines in exchange for a guilty plea prior to placement of the case on a trial calendar.

During sentencing, after the jury found West guilty of escape, the district attorney asked the court to sentence him to six years to serve. No evidence was presented in aggravation or mitigation of punishment. West commented that he thought he was being rail-

---

[1] West was also charged with criminal trespass, but the jury found him not guilty of that crime.

roaded and asked if the trial judge owned the Clayton County Work Release Program.

West later filed a motion to modify his ten-year sentence, claiming he had failed to present evidence in mitigation of punishment because he was upset at being found guilty of escape. At the hearing on the motion to modify, West's cousin testified about his good character. West also testified, apologizing for his behavior at trial, admitting that he made a mistake by not returning to the work release program, and explaining that he had changed as a result of his involvement in a spiritual group at the Clayton County Detention Center. The trial judge accepted West's apology but refused to reduce his sentence.

West contends that he should not have received the maximum sentence for his crime and that the trial judge retaliated against him for exercising his right to go to trial and for his comments to the judge at sentencing.

West was sentenced under OCGA § 16-10-52 (b), which provides that "[a] person who, having been convicted of a felony or misdemeanor, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years." A trial judge fixing a sentence after a guilty verdict must prescribe a sentence for a specific number of months or years that must be within the minimum and maximum prescribed by law as the punishment for the crime.[2] Thus, the trial court was authorized to sentence West for up to ten years based on his prior conviction for battery and the guilty verdict for escape.[3]

The trial judge cannot, however, impose a

> sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove the defendant's guilt at trial rather than to enter a plea of guilty or nolo contendere.[4]

Uniform Superior Court Rule 33.6 does not require the trial judge to sentence the defendant to the same sentence that would have been appropriate if the defendant had pled guilty.[5] " 'It is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in con-

---

[2] OCGA § 17-10-1 (a) (1).
[3] See *Pendleton v. State*, 184 Ga. App. 358, 360 (4) (361 SE2d 663) (1987).
[4] Uniform Superior Court Rule 33.6 (B).
[5] *Johnson v. State*, 224 Ga. App. 568, 570 (2) (481 SE2d 268) (1997).

junction with a guilty plea.' "[6]

Although the judge did not indicate her reasoning for sentencing West to the maximum penalty for his crime, we are not persuaded that she was motivated to do so merely because West refused to enter a guilty plea. At trial, West offered no evidence that he was not guilty of escape and showed no remorse whatsoever. These factors, along with a concern for Arnold's safety, may have influenced the judge.

Nor are we persuaded that the sentence was based upon West's comments to the judge after the verdict was returned. In response to West's inquiry about the judge's interest in the work release program, the judge responded that she had heard that rumor before and explained that neither she nor her family had any interest in the Clayton County Jail or the work release program. The judge's remarks do not indicate that she acted vindictively in sentencing West to the maximum penalty for his crime.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 19, 2000.

*Richard Genirberg*, for appellant.

*Robert E. Keller, District Attorney, Verda Andrews-Stroud, Assistant District Attorney*, for appellee.

---

[6] (Citations omitted.) *Baldwin v. State*, 217 Ga. App. 866, 868 (3) (460 SE2d 80) (1995). Accord *Arnold v. State*, 228 Ga. App. 470, 473 (1) (491 SE2d 819) (1997); *Sparks v. State*, 176 Ga. App. 8, 12-13 (3) (335 SE2d 298) (1985).