### A05A1154. RICHARDSON v. THE STATE.
(620 SE2d 522)

MIKELL, Judge.

Leevester Richardson appeals from the order denying his motion for new trial following his conviction of theft by receiving stolen property. He asserts that the trial court erred in (1) denying his motion for a directed verdict of acquittal based on the insufficiency of the evidence, and (2) denying his motion for a mistrial following the introduction of evidence that purportedly placed his character in issue. We disagree and affirm.

1. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen."[1] Richardson argues that the trial court erred in denying his motion for a directed verdict because the state failed to prove that he knew or should have known that the property at issue, a rental car, was stolen. We disagree.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.[2]

So viewed, the evidence shows that on August 24, 2000, while sitting in her patrol car, College Park Police Officer Tammy Barnett observed Richardson's car cross over eight lanes of traffic, proceed through a red light, and turn left onto Interstate 285. Barnett initiated a traffic stop. As she approached Richardson's vehicle, a second car pulled over and stopped in front of his vehicle. Richardson blew his horn and "wave[d] them on," and the vehicle departed.

---

[1] OCGA § 16-8-7 (a).

[2] (Citation omitted.) *King v. State*, 268 Ga. App. 811, 812 (1) (603 SE2d 88) (2004).

Barnett testified that she asked Richardson for his driver's license and proof of insurance, but he was unable to provide them. Further, the vehicle had no tag. A check of the vehicle identification number ("VIN") revealed that the car, a Mitsubishi, was stolen. Richardson told Barnett his date of birth and social security number, but the information did not match data found on an identification card in his possession. At the scene and during booking, Richardson gave the police a total of three different addresses. Upon searching the car, Barnett found a rental contract in the glove compartment showing that the vehicle was owned by Alamo Rent A Car ("Alamo") and had been rented by a woman named Wilma Daniels from July 14 through July 18, 2000. Richardson's health insurance application also was found in the glove compartment.

Further, Barnett testified that she had seen Richardson on the previous night "hanging out" around the dumpster in the parking lot of an Exxon station. He fled every time she turned into the station. Barnett observed him again earlier on the night of the incident in the same location. After the traffic stop, Barnett realized that she had seen the stolen Mitsubishi parked near the pay phones a short distance away from the dumpsters.

Daniels testified that she gave the car to her son, Robert Allen, to return on or about the date it was due. On July 20, 2000, Allen told Daniels that the car had been stolen, and Daniels called Alamo and the police. Allen testified that he drove the car to work at a downtown hotel and let the valet service park the car. After his shift, Allen could not find the car or the keys, so he called his mother. Allen did not recall that he was supposed to return the car to Alamo; he thought he was supposed to bring it back to his mother.

Richardson testified that he had obtained the car from a friend named Albert Robinson approximately 20 minutes before the police stopped him, on August 24. According to Richardson, he had to catch a flight at 11:00 p.m. and agreed to return the car to Alamo at the airport. Richardson was stopped at 10:30 p.m. He testified that he believed 30 minutes would be enough time to reach the airport, return the car, check baggage, and make the flight.

Richardson claims that the circumstantial evidence is insufficient to show that he knew or should have known that the car was stolen. "Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods, and this knowledge on the part of the accused must be proved; but it may be inferred from circumstances, where the circumstances would excite suspicion in the minds

of ordinarily prudent persons."[3] In the case at bar, the evidence adduced by the state set forth circumstances that would excite suspicion in the mind of an ordinarily prudent person. These circumstances include the presence of an expired rental contract, revealing the true owner and renter of the vehicle, in the glove compartment along with a document personal to Richardson. This evidence authorized the jury to infer that Richardson was aware that the car was long overdue and had been rented to someone other than Robinson.[4] Similarly, Richardson's use of a false birth date and social security number permits an inference of guilty knowledge.[5] "Additionally, evidence that [Richardson] was attempting to avoid police detection immediately before or during the commission of a crime, just like evidence of flight following a crime, is circumstantial evidence of consciousness of guilt."[6] These circumstances authorized the jury to infer that Richardson had the requisite knowledge that the car was stolen. "If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction."[7] It follows that the trial court did not err in denying Richardson's motion for directed verdict.

2. Richardson additionally argues that the trial court erred in denying his motion for a mistrial based on evidence that impermissibly placed his character in issue. We disagree.

Richardson moved for a mistrial after Barnett testified that he was "hanging out" around the dumpsters in the service station, trying to avoid police detection. "The denial of a motion for mistrial is a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, we will not interfere with that discretion."[8] There was no abuse of discretion. Richardson's furtive conduct in close proximity to the stolen vehicle on the night before his arrest was relevant and probative to show consciousness of guilt.[9] "Evidence probative for

---

[3] (Punctuation and footnote omitted.) *Brown v. State*, 265 Ga. App. 613, 614 (1) (594 SE2d 770) (2004).

[4] See *Daras v. State*, 201 Ga. App. 512, 513-514 (1) (c) (411 SE2d 367) (1991) (registration and insurance forms naming true owner found in the glove compartment); *Abner v. State*, 196 Ga. App. 752, 753 (1) (397 SE2d 36) (1990) (registration papers in owner's name and theft tool found in stolen vehicle).

[5] See *Turntime v. State*, 206 Ga. App. 226, 227 (1) (424 SE2d 877) (1992) (defendant gave police false name).

[6] (Citation omitted.) *Gill v. State*, 229 Ga. App. 462, 463-464 (2) (494 SE2d 259) (1997).

[7] (Citation and punctuation omitted.) *Abner*, supra.

[8] (Footnote omitted.) *Jones v. State*, 251 Ga. App. 285, 286-287 (2) (554 SE2d 238) (2001).

[9] See *Gill*, supra.

another permitted purpose is admissible, even though it may incidentally place the defendant's character in evidence."[10] "The circumstances were relevant to the charged crime and they were admissible, even if they incidentally put [Richardson's] character in issue."[11]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2005.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Boyter & Baker, Elizabeth A. Baker*, for appellee.

---

[10] (Citation omitted.) *Wilkes v. State*, 269 Ga. App. 532, 535 (3) (604 SE2d 601) (2004). See also *Smith v. State*, 276 Ga. 263, 266 (4) (577 SE2d 548) (2003).

[11] (Citations omitted.) *Smith*, supra. See also *Butts v. State*, 250 Ga. App. 695, 696-697 (1) (552 SE2d 888) (2001) (evidence that defendant drove evasively to avoid police admissible as circumstances of arrest).