## A05A2052. GREEN v. THE STATE.
### (627 SE2d 914)

RUFFIN, Chief Judge.

A jury found Robert Bruce Green guilty of theft by receiving a stolen car, criminal trespass, and concealing the identification of a motor vehicle. Green appeals, challenging the sufficiency of the evidence supporting his theft by receiving conviction.[1] He also claims that the trial court erred in sentencing him. Finding no error, we affirm.

1. In reviewing a challenge to the sufficiency of the evidence, we do not weigh the evidence or resolve issues of witness credibility.[2] We merely determine whether the evidence, construed favorably to the verdict, authorized the jury to find the defendant guilty beyond a reasonable doubt.[3]

Viewed in this manner, the evidence shows that on October 1, 2004, employees of Colonial Sales & Leasing ("Colonial") arrived at work to find that the business had been burglarized. A lock and gate securing the premises had been cut, and a 2000 Ford Contour stolen. Officer Christopher Swindell reported to the burglary scene and initially investigated the theft.

Approximately two weeks later, Swindell and other police officers were dispatched to a duplex in connection with a domestic disturbance call involving Green. One side of the duplex was boarded up with plywood, while the other side was accessible. Behind the duplex, Swindell discovered the Contour that had been stolen from Colonial. According to Swindell, the license tag on the car was registered to Green.

As Swindell waited at the back of the property, he observed plywood begin to move away from inside a door leading to the duplex's boarded-up side. Swindell then saw Green's hand come through the door, at which point Swindell arrested him. Another officer who had been inside the duplex handed Swindell a set of keys that fit the stolen Contour.

A search of the premises revealed a hole in the sheetrock wall between the two sides of the duplex. The hole provided the sole access to the boarded-up area from which Green emerged, and it was hidden on the other side of the duplex by a couch. The evidence further showed that Green was the only person at the residence, and the

---

[1] Green's enumeration of error relates specifically to theft by receiving and does not challenge the sufficiency of the evidence supporting the other convictions.

[2] See *Richardson v. State*, 275 Ga. App. 320 (1) (620 SE2d 522) (2005).

[3] See id.

owner testified that no one had permission to live in the duplex. In addition, Green had sheetrock dust on his knees when Swindell arrested him.

Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." The term "receiving" includes "acquiring possession or control . . . of the property."[4] On appeal, Green claims that the State presented insufficient evidence that he possessed the stolen car or that he knew or should have known that it was stolen. Specifically, he asserts that Swindell's testimony regarding the license tag on the Contour was inadmissible hearsay and that no other evidence linked him to the car.

The State argues that Green failed to object to the alleged hearsay at trial, thereby waiving this argument for purposes of appeal. In Georgia, however, " 'hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact.' "[5] In other words, we cannot consider hearsay in determining the sufficiency of the evidence.[6]

But even if Swindell's testimony regarding the license plate constitutes hearsay,[7] Green is not entitled to reversal because the State presented sufficient admissible evidence to sustain the theft by receiving conviction.[8] With respect to possession, the evidence — construed favorably to the verdict — shows that Green was the only person at the residence behind which the car was parked. The car keys were inside the duplex. And the jury could conclude that Green crawled through the hole in the sheetrock into the boarded-up side of

---

[4] OCGA § 16-8-7 (a).

[5] *Humphrey v. State*, 257 Ga. App. 312, 313 (1) (571 SE2d 187) (2002).

[6] See *Livingston v. State*, 268 Ga. 205, 209 (1) (486 SE2d 845) (1997); *Willingham v. State*, 279 Ga. 886, 888 (2) (622 SE2d 343) (2005). In *Livingston*, the Supreme Court suggested that if a proper foundation *could have* rendered the hearsay admissible at trial, such hearsay can be considered in determining evidence sufficiency. See *Livingston*, supra at 209 (1). We need not explore this suggestion here, however, because – as discussed below – the State presented other evidence sufficient to sustain the conviction.

[7] It is unclear where Swindell obtained the information regarding the license plate. He testified that he "[ran] the tag on the vehicle," and it "[came] back to Mr. Green." Assuming that Swindell ran a computer check on the tag, testimony regarding the results of such search would be hearsay. See *State v. Speir*, 189 Ga. App. 254, 255 (2) (375 SE2d 298) (1988). "The proper method of offering proof on this issue would have been through the introduction of a properly authenticated printout of the computer record rather than by the [officer's] testimony alone." Id.

[8] See *Willingham*, supra (affirming conviction despite erroneous admission of hearsay because other evidence was sufficient to sustain conviction).

the duplex in an effort to evade detection. We recognize that the evidence of possession is not overwhelming. Nevertheless, given the evidence presented, a jury could reasonably find that Green was not only in proximity to the stolen car, but possessed or controlled it.[9]

A jury could also conclude that Green knew the car had been stolen.[10] Although unexplained possession of recently stolen property cannot sustain a conviction for theft by receiving, " 'guilt may be inferred from possession in conjunction with other evidence of knowledge.' "[11] And evidence that a defendant " 'was attempting to avoid police detection immediately before or during the commission of a crime, just like evidence of flight following a crime, is circumstantial evidence of consciousness of guilt.' "[12] Accordingly, Green's challenge to the sufficiency of the evidence lacks merit.

2. Green also argues that the trial court improperly penalized him for choosing to go to trial rather than to plead guilty. Before trial, the State offered Green a plea bargain involving a recommended three-year jail sentence to run concurrently to time he was already serving for unrelated convictions. The trial judge informed Green that he would accept the State's recommendation if Green pleaded guilty, but Green elected to proceed to trial. Following the jury's verdict, the trial court sentenced Green as a recidivist to ten years in prison for theft by receiving, with five years to be served in the penitentiary and five years suspended. The trial court specified, however, that the sentence would run consecutively to Green's other sentences. In addition, the trial court sentenced Green to two one-year consecutive sentences for criminal trespass and concealing the identification of a vehicle.

Green claims that by sentencing him to consecutive — rather than concurrent — prison terms, the trial court penalized him for going to trial. It is true that a judge should not impose a sentence "in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law" merely because the defendant chose to try the case.[13] But this does not mean that the trial court must sentence a defendant to the sentence that would have been appropriate had the defendant pleaded guilty.[14] "It

---

[9] See *Floyd v. State*, 207 Ga. App. 275, 282 (2) (a) (427 SE2d 605) (1993). Compare *Buchanan v. State*, 254 Ga. App. 249, 251 (1) (562 SE2d 216) (2002) ("[M]ere proximity to stolen property is insufficient to establish possession or control.") (punctuation omitted).

[10] See *Richardson*, supra at 321 (" 'Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods.' ").

[11] *Shaheed v. State*, 245 Ga. App. 754 (1) (538 SE2d 823) (2000).

[12] *Richardson*, supra at 322.

[13] Uniform Superior Court Rule 33.6 (B).

[14] See *West v. State*, 241 Ga. App. 877, 878 (528 SE2d 287) (2000).

is not error for the trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he might have imposed in conjunction with a guilty plea."[15]

Nothing in the record demonstrates that the trial court imposed consecutive sentences simply because Green declined to plead guilty. Moreover, the sentences imposed fall within the statutory guidelines.[16] Under these circumstances, we find no error in the trial court's sentence.[17]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 3, 2006.

*Lloyd J. Matthews*, for appellant.
*Jewel C. Scott, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.

---

[15] (Punctuation omitted.) Id. at 878-879.

[16] See OCGA §§ 16-7-21 (d); 16-8-12 (a) (5) (A); 17-10-3 (a) (1); 17-10-7 (a); 40-2-5.

[17] See *West*, supra at 879; *Baldwin v. State*, 217 Ga. App. 866, 868-869 (3) (460 SE2d 80) (1995).