644 S.E.2d 894 (2007)
In the Interest of C.S., a child.
No. A07A0254.
Court of Appeals of Georgia.
April 3, 2007.
Mark J. Nathan, Savannah, for appellant.
Spencer Lawton Jr., District Attorney, Kimberly Rowden, Assistant District Attorney, for appellee.
RUFFIN, Judge.
A juvenile court adjudicated 14-year-old C.S. delinquent based upon the offense of theft by receiving stolen property.[1] In his sole enumeration of error on appeal, C.S. challenges the sufficiency of the evidence. For reasons that follow, we find the evidence sufficient and thus affirm.
When considering the sufficiency of the evidence to support a juvenile court's adjudication of delinquency, we view the evidence in a light most favorable to the juvenile court's findings of fact.[2] We neither resolve conflicts in the evidence nor determine the credibility of witnesses, but merely ascertain whether the evidence was sufficient to show beyond a reasonable doubt that the juvenile committed the acts with which he was charged.[3]
Viewed in this manner, the evidence shows that on the evening of May 20, 2006, Laurie-Jean Stellberg placed a spare set of car keys in a purse, which she left on her living room sofa. Stellberg departed for the evening, driving her silver, Chrysler PT Cruiser. Stellberg returned later that night, and she began looking for the purse she had left on the sofa. When she was unable to find the *895 purse, she returned to her car to find that the vehicle had been taken. Stellberg subsequently discovered that someone had broken a living room window and stolen her purse. Approximately 17 hours later, Stellberg's abandoned car was located behind an apartment complex.
The next evening, police were summoned to the residence of an allegedly "unruly juvenile." C.S.'s mother informed police that C.S., who was on probation, was not "minding her." The decision was made to take C.S. to a youth detention facility, and the police searched him before taking him into custody. The searched yielded a Chrysler key and key fob in C.S.'s right pocket. As Stellberg's stolen Chrysler had been found only a few blocks away from C.S.'s house, one of the police officers mentioned aloud the possibility that the key belonged to the automobile. At that point, C.S.'s older brother volunteered that C.S. "had been bragging about driving a silver car." The officers subsequently discovered that the key in C.S.'s pocket belonged to Stellberg's stolen Chrysler PT Cruiser, and C.S. was charged with theft by receiving the stolen automobile.
On appeal, C.S. challenges the sufficiency of the evidence that he had committed the delinquent act of theft by receiving. Pursuant to OCGA § 16-8-7(a),
[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control . . . of the property.
"Although unexplained possession of recently stolen property cannot sustain a conviction for theft by receiving, guilt may be inferred from possession in conjunction with other evidence of knowledge."[4] Such knowledge "`may be proved by circumstantial evidence or inferred from circumstances which would excite the suspicions of an ordinarily prudent man.'"[5] "Because of its very nature, this crime is one that is usually proved in whole or in part by circumstantial evidence."[6] Here, we find the circumstantial evidence sufficient to support the finding of guilt.
We find this case analogous to Daras v. State[7] in which the defendant was found driving a car, which he claimed belonged to a friend. At the time, the defendant could produce neither a driver's license nor proof of insurance. Because the car contained registration papers showing it belonged to someone else and because the defendant was somewhat equivocal regarding his relationship with the person from whom he allegedly borrowed the car, this Court found the circumstantial evidence was sufficient to warrant a conviction for theft by receiving.[8]
Here, like in Daras, C.S. was unable to produce a driver's license since he was only 14 and it would have been illegal for him to drive. Indeed, C.S. could have no legitimate reason for possessing someone else's car key as, in view of his age, there can be no inference that he borrowed the car. Under these circumstances, a reasonable inferenceand one the factfinder was authorized to draw was that C.S. knew the car belonged to someone else. Moreover, when police suggested that the key might belong to a stolen vehicle, C.S.'s brother stated that C.S. had "bragged" about driving a silver car.[9] Finally, within 24 hours of being stolen, the car was found within walking distance of C.S.'s house. Although we find this to be a close case, we nonetheless find the circumstantial evidence sufficient to support the juvenile *896 court's adjudication of delinquency based upon the offense of theft by receiving.[10]
Judgment affirmed.
BERNES, J., concurs.
BLACKBURN, P.J., concurs in the judgment only.
NOTES
[1] The juvenile court also found that C.S. had violated his probation and obstructed a law enforcement officer. C.S. apparently does not challenge these findings.
[2] See In the Interest of R.J.S., 277 Ga.App. 74, 625 S.E.2d 485 (2005).
[3] See id.
[4] (Punctuation and footnote omitted.) Green v. State, 277 Ga.App. 867, 869(1), 627 S.E.2d 914 (2006).
[5] Dunbar v. State, 228 Ga.App. 104, 107(1)(b), 491 S.E.2d 166 (1997).
[6] Brown v. State, 265 Ga.App. 613, 614(1), 594 S.E.2d 770 (2004).
[7] See Daras v. State, 201 Ga.App. 512, 411 S.E.2d 367 (1991).
[8] See id. at 513(1)(c), 411 S.E.2d 367.
[9] Although C.S.'s brother disavowed this statement at trial, it nonetheless constitutes substantive evidence of C.S.'s guilt. See Graham v. State, 236 Ga.App. 673, 676(1)(a), 512 S.E.2d 921 (1999).
[10] See Green, supra.