## 28594. WILLIAMS v. THE STATE.

JORDAN, Justice.

James "Sluggo" Williams was indicted on September 12, 1972, for the murder of Patricia Clem. On February 12, 1973, he was found guilty by a jury and a life sentence was imposed. His motion for new trial was overruled on November 3, 1973, from which he appeals. *Held:*

1. The appellant's first enumeration of error complains that the trial court erred in overruling two motions to suppress made by him prior to the trial of the case in that the affidavits offered to furnish probable cause for the issuance of two search warrants (one for his house and one for his car) contain materially false information and were therefore insufficient and issued without probable cause. We do not agree with this contention.

The information contained in the affidavits presented to the magistrate was taken from a statement given by Henry Jeter, a witness for the state. The statement relied on by the affiant was as follows: "On 8-27-72, at approx. 4 a.m., Patricia Ann Clem was shot with a .32 caliber pistol, and was beaten to death at 371 Gardner Street, S.W., Atlanta, Fulton, Ga. At approx. 3 a.m., 8-27-72, Patricia Ann Clem was seen getting into a *two-toned Mercury* automobile, belonging to James Edward Williams, this was witnessed by Henry Jeter, who stated that Patricia Ann Clem was with James

Edward Williams when she got in Williams' car." Henry Jeter later denied that he had described the automobile as a two-tone Mercury belonging to Williams. After a careful review of this record we conclude that even after excising an erroneous description of the automobile the affidavit still supports the finding of probable cause sufficient to justify the issuance of the search warrants. The main foundation upon which the finding of probable cause was made in this case is Jeter's uncontradicted statement that the murder victim was last seen entering an automobile with the appellant James "Sluggo" Williams. We hold that the factual inaccuracy surrounding the description of the automobile is insufficient to destroy the integrity of the affidavit. See *Summerville v. State,* 226 Ga. 854 (178 SE2d 162) and *Tomblin v. State,* 128 Ga. App. 823 (4) (198 SE2d 366). It is also clear in this case that the misstatement of fact concerning the description of the automobile was not an intentional misrepresentation made with an intent to deceive the magistrate. See United States v. Thomas, 42 LW 2369 (decided Dec. 19, 1973). We therefore conclude that the trial court did not err in denying the appellant's motion to suppress evidence in that there appears no intentional misrepresentation and the misstatement of fact found in the affidavit was not of such materiality to vitiate a finding of probable cause.

2. The appellant claims error in the trial court's overruling of his motion to suppress lineup identification, in that he claims the procedures used by the police officers conducting said lineup deprived him of his right to due process of law and to the presence of counsel. The appellant was identified by Annie Johnson after being viewed in a lineup with six other males of approximately the same height, size, and complexion. The officer conducting the lineup testified at the hearing on the motion to suppress the evidence of the lineup identification that prior to the lineup the appellant was advised that he had the right to have an attorney present, but that he did not request one. The identifying witness testified that she was told by the officer conducting the lineup to "look at the group and see could I recognize him." The witness also testified that the officers in no

way influenced her choice of the defendant. The appellant's second enumeration of error is without merit.

3. The trial judge made the following statement in his charge to the jury: "Now, I will charge you some principles of law which I have not covered and could not cover until I saw what the evidence shows. Now, ladies and gentlemen, I strike that, I don't in any way indicate what did or did not happen, I am merely now charging you the law I don't believe I have charged you before." Following this statement the trial court proceeded to charge the jury on flight, alibi, and incriminating statements. The appellant complains that this statement by the trial judge constituted an expression of opinion as to the facts proven in the trial contrary to the provisions of Code § 81-1104. It is our opinion that the above quoted statement by the trial judge in his charge to the jury combined with his immediate instruction and explanation does not constitute an expression of opinion as contemplated by Code § 81-1104.

4. In his final enumeration of error the appellant contends that the conviction was based upon circumstantial evidence, and as such, the evidence presented at the trial was insufficient to support the appellant's conviction. Contrary to appellant's contention, there was direct evidence to support the conviction. There was an eyewitness identification in addition to all of the circumstantial evidence. The state's evidence showed that the appellant and the victim got out of the appellant's companion's automobile in the early morning hours of August 27, 1972 within a short distance of the place of the murder. The appellant's companion testified that at that time the appellant had a .32 caliber pistol with white handles in his possession when he and the victim left the car. A defense witness testified that the appellant had a pistol without handles in his possession on the morning of August 27. A partial pair of gun handles was found at the scene of the murder. The victim was shot in the head three times with a .32 caliber pistol and brutally beaten with a flower pot and a concrete block. Chemical tests revealed the presence of blood on two door handles in the appellant's house. A blood stain was visible on the driver's seat of appellant's

automobile and chemical tests revealed it to be human blood. Ammunition of the same caliber used in the murder was found in the appellant's house. When located by the police the appellant was hiding in the refrigerator of his house and physically resisted the officers.

The evidence in its entirety, both direct and circumstantial, was sufficient to warrant the appellant's conviction of murder.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 22, 1974 — DECIDED MAY 7, 1974.

*W. J. Stanley,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Raoul Lerow, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.