## 52437. BROOKS v. THE STATE.

MARSHALL, Judge.

Brooks was indicted for a violation of the Georgia Controlled Substances Act in that he allegedly had under his control a quantity of marijuana, some in his house and the remainder on adjacent property. With consent of the trial court and by preliminary motion, Brooks moved to suppress the introduction into evidence against him of that quantity of marijuana found in the house occupied by himself and his mother. The trial court denied the motion to suppress the evidence but granted an immediate review of that ruling pursuant to Ga. L. 1968, p. 18; 1968, pp. 1072, 1073 (Code Ann. § 6-701 (a) 2). This court granted the motion for an interlocutory appeal. Appellant urges error in the denial of his motion to suppress. *Held:*

The relevant facts portray that certain informants had observed marijuana growing in three separate locations on farm land adjacent to the house in which Brooks and his mother resided. The informants related that one of these plots of marijuana had recently been harvested, one was partially harvested and the third cultivated but otherwise untouched. A large quantity of marijuana was found "curing" in a barn close to the harvested plot. It was stipulated at the suppression hearing that the three plots involved as well as the barn were not rented to Brooks, and were not subject to his control or use. It was further established that no marijuana was seen on the grounds surrounding the rental house (i.e., the curtilage) nor was marijuana known to be in the house or ever seen in Brooks' personal possession. Lastly, Brooks had not been seen entering or leaving the area where the marijuana was observed.

However, the affidavit in support of the search warrant indicated that there were well-defined paths

leading from the yard and house to the barn and thence to the cultivated plots of marijuana. The state successfully contended that a reasonable conclusion therefrom was that Brooks, apparently having beaten a path to the marijuana, logically would store harvested marijuana in the contiguous house in which he and his mother resided. In support of this contention, the state relies upon several "beaten path" cases, all foreign jurisdiction cases because apparently no Georgia case has applied the doctrine. See Revette v. State, 209 Miss. 860 (48 S2d 511); Crum v. State, 216 Miss. 780 (63 S2d 242); Parker v. State, 40 Ala. 244 (112 S2d 493). Each of these cases considers the "beaten path" doctrine, and concludes that because contraband was connected to the house by a beaten path it was reasonable to conclude that the home owner also owned or had control over the contraband.

The evidence in this case presents a source of supply (the growing marijuana) and curing and preparation of the product for further use (the marijuana drying in the barn). This evidence of raw material and preparation for further use leads ineluctably to a reasonable conclusion that the finished product had a place of storage and distribution. The clearly defined paths between the known contraband and the house, furnish the answer as to the probable final repository of the finished product. We believe the paths seen by the informants and made known to the issuing magistrate, gave reasonable cause to believe that contraband was present in the house. In the California case of People v. Nelson, 171 Cal. App. 2d 356 (340 P2d 718), it was held that marijuana found close to a house in the backyard gives rise to a reasonable conclusion that the primary resident would store the contraband in his house.

We can and do agree with the state's contention that Brooks' ownership or control over the marijuana growing in the fields and "curing" in the barn may be shown by the beaten path doctrine.

As to the marijuana in the house, we will apply the standard test of probable cause. That test is whether under the facts a man of reasonable caution would believe that marijuana was being possessed by Brooks in his house. This requires merely a probability and not a

certainty but does require more than a mere suspicion. *Butler v. State,* 130 Ga. App. 469 (203 SE2d 558); *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302); Beck v. Ohio, 379 U. S. 89 (85 SC 223, 13 LE2d 142).

While there was no evidence that marijuana was ever seen in the house or yard occupied by Brooks, nor that Brooks was known to be possessing marijuana, the evidence does give rise to a reasonable inference that Brooks had some interest in the marijuana in the fields and barn. That interest raised a further reasonable probability that the cured marijuana was stored at the terminus of the paths, to wit, the house occupied by Brooks. Such probability authorized a search of the house based upon a reasonable belief that a crime probably was being committed therein. It follows the trial court did not err in refusing to suppress the evidence gained from the search of Brooks' house.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 7, 1976 — DECIDED NOVEMBER 9, 1976.

*Walter M. Henritze, Jr., Robert Peckham,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., F. B. Tyler, Jr., Assistant District Attorneys,* for appellee.