## 64179. TRAYLOR v. THE STATE.

CARLEY, Judge.

Appellant was charged with theft by taking in an indictment alleging that he "did unlawfully appropriate and take the following property, to wit: six-125 pound bag[s] of peanuts, of a value exceeding $200.00 . . ." See *State v. Traylor,* 158 Ga. App. 786 (282 SE2d 376) (1981). He was tried and convicted. He appeals from the judgment and sentence entered on the guilty verdict.

1. Appellant asserts that the evidence adduced at trial failed to establish that the value of the property exceeded $200. Accordingly, appellant enumerates as error the failure to grant his motion for directed verdict of acquittal as to felony theft by taking. See Code Ann. § 26-1812 (a).

Our review of the transcript demonstrates that the evidence was sufficient to establish that the value of the property taken was in excess of $200. See generally *Maddox v. State,* 157 Ga. App. 696 (278 SE2d 480) (1981); *Gunter v. State,* 155 Ga. App. 176, 177 (5) (270 SE2d 224) (1980). "A charge on misdemeanor theft was not warranted by the evidence, and, accordingly, the trial court did not err in refusing to direct a verdict 'as to the issue of whether the crime was a felony or a misdemeanor' . . . [Cits.]" *Yarber v. State,* 144 Ga.

App. 781, 782 (242 SE2d 372) (1978).

2. The trial court permitted the state, after it had rested, to reopen the case and call another witness. The trial court allowed defense counsel an opportunity to interview the witness before he was called to the stand even though the witness' name had been listed on the indictment. Appellant enumerates as error the reopening of the state's case to call this witness.

" 'It is within the discretionary power of the court to allow a witness to be sworn after the evidence on both sides has been announced closed and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice' . . . [I]t [is] within the discretionary power of the trial judge to reopen the case and allow the State to introduce further testimony even though such testimony was not in rebuttal of evidence offered by the defendant or his statement to the jury. These principles which are applicable to both civil and criminal cases are so well settled as to require no further elaboration here . . . [Cits.]" *Britten v. State,* 221 Ga. 97, 101 (143 SE2d 176) (1965). The trial judge did not err in allowing the state to reopen its case. See generally *Robinson v. State,* 154 Ga. App. 591, 592 (1) (269 SE2d 86) (1980); *Gooch v. State,* 155 Ga. App. 708 (272 SE2d 572) (1980).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 13, 1982.

*Susan L. Frank,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Charles R. Hadaway, Assistant District Attorneys,* for appellee.