### 74764. DANIELS v. THE STATE.
(359 SE2d 735)

DEEN, Presiding Judge.

In the case at bar appellant Daniels appeals from the trial court's denial of his motion to suppress evidence obtained by means of a search warrant issued in response to an affidavit which appellant alleges contains certain material statements which were false and which the police officer who executed the affidavit knew to be untrue at the time it was executed. The affiant had sworn that he had received information from a known and reliable informant that appellant had cocaine and cocaine rock in his apartment. After the appellant's allegations were made known to the prosecuting attorney prior to trial, the issue was raised in an evidentiary hearing. The affiant acknowledged during the hearing that the allegedly reliable information was actually just "street talk" picked up at various times from more than one person, and that the police officer/affiant, instead of receiving the material information from a single person possessing appropriate credentials as an informant, had pieced together fragments of information obtained from at least three persons and had concocted the fictitious "reliable informant" from three different men — one of whom, incidentally, had died before the time of the hearing. Moreover, affi-

ant admitted, no single one of the three actual "informants" could have fully qualified, under the criteria recited in the affidavit ("no known criminal record," "is a mature person," "is regularly employed," "demonstrated a truthful demeanor" when giving the information, "within the past 3 days . . . had been inside the . . . premises and see[n]" the contraband substance), as the sort of reliable informant whose information can ordinarily constitute the basis for probable cause for the issuance of a search warrant. The trial court denied appellant's motion to suppress the inculpatory evidence seized during the search, and a Turner County jury found appellant guilty of trafficking in cocaine. *Held*:

This case is controlled adversely to the verdict by *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978) and its progeny, and the judgment must therefore be reversed. In Georgia as in other jurisdictions, courts have excised false statements from affidavits either where there was no intentional misrepresentation or where the false statements were not essential to the establishment of probable cause. See, e.g., *Williams v. State*, 232 Ga. 213 (205 SE2d 859) (1974).

In *Franks*, however, as in the instant case, the challenged information both was known by the affiant to be false and was essential to the establishment of probable cause for the warrant to issue. The court held in *Franks* at 155 et seq.: "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded [from the evidence presented for the jury's consideration] to the same extent as if probable cause was lacking on the face of the affidavit." Our scrutiny of the challenged affidavit in the case *sub judice* reveals that, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." Id. See generally *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983); *Williams v. State*, supra at 214.

We note that the State's brief characterizes the false statements in the affidavit as "omissions" rather than "misrepresentations" and contends that they are not material to the establishment of probable cause. We cannot agree that such is the case, and that the "omissions" are inadvertent or that the false statements are irrelevant to

the purpose of the affidavit. Pretermitting consideration of the time-honored theological concept of "sins of omission," we point to the wording of the oath in which the affiant undertakes to tell "the truth, the whole truth, and nothing but the truth." Here the affiant failed or refused to comply with at least two of these three clauses: his statement, made under oath, was not merely an over-simplification or a carelessly incomplete statement, but rather a deliberately contrived fabrication, placed in the mouth of a fictitious *persona*, consisting of assorted facts and half-truths, with material facts deliberately screened out. We find this characterization of the affidavit and the affiant (although admittedly ingenious) far too charitable. Both law and equity require reversal of the judgment below. *Franks v. Delaware, supra.*

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JULY 13, 1987.

*N. Glenn Perry*, for appellant.

*David E. Perry, District Attorney, Donald L. Johstono, Jr., Assistant District Attorney*, for appellee.