A90A1340. RIMMER et al. v. THE STATE.
(398 SE2d 282)

POPE, Judge.
Defendants Larry Clayton Rimmer and Dana Joy Rimmer, husband and wife, were jointly tried and convicted of possession of marijuana and trafficking in marijuana and have filed separate enumerations of error on appeal. We affirm.

1. Both defendants argue the trial court erred in denying their motions to suppress evidence discovered in their home on the ground the search warrant was legally deficient. The affidavit submitted in support of the application for a search warrant stated that, by helicopter, a trail could be seen leading from defendants' house to four separate patches of growing marijuana. It also stated that a reliable source provided information that black plastic buckets of the same type discovered in the marijuana patches were under the house. At the hearing on the motion to suppress, the officer who signed the affidavit testified the informant was the defendants' next-door neighbor. Defendants' neighbor testified he was not home when the marijuana was discovered and he gave no information to the authorities. Defendants argue that having shown the affidavit contained false material, the search warrant should be held invalid and the evidence obtained as a result of the search should be excluded. If an affidavit is insufficient to establish probable cause once its false material is set aside, then evidence obtained by means of a search warrant issued in reliance on the affidavit is inadmissible. See *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987) and cases cited therein. However, where the remaining information is sufficient to show probable cause, the search warrant is valid. See *Williams v. State*, 232 Ga. 213 (1) (205 SE2d 859) (1974); *Summerville v. State*, 226 Ga. 854 (1) (178 SE2d 162) (1970). Thus, even if the factfinder found irreconcilable conflict between the neighbor's testimony and the assertions contained in the affidavit and accepted the neighbor's testimony instead of the affiant's, the statement contained in the affidavit that a trail led from the house to the patches of growing marijuana was sufficient to show probable cause to support the warrant. See *Brooks v. State*, 140 Ga. App. 371 (231 SE2d 138) (1976).

That defendants presented evidence at the hearing on the motion to suppress showing other trails existed in the area where the marijuana was found does not invalidate the search warrant. First, we note no evidence was presented that any of the other trails led to the patches of marijuana. Moreover, what is at issue in reviewing the decision of a judge to issue a search warrant is whether the information supplied to him was sufficient to support the warrant. "An appellate court should . . . avoid after the fact, de novo scrutiny of the sufficiency of the affidavit." (Citation and punctuation omitted.) *Hayes v. State*, 182 Ga. App. 319, 320 (355 SE2d 700) (1987). Pursuant to *Brooks*, supra, sufficient evidence was presented to support the issuance of the warrant.

2. The son of defendant Larry Clayton Rimmer lived with defendants in the house in which four bags containing just under three ounces of marijuana were found. The son testified the marijuana contained in these four bags belonged to him and that he kept the con-

traband without the consent of his father and step-mother. After the evidence was closed, but before instructions had been given to the jury, the son was arrested and charged with possession of marijuana based on his testimony. Defendant Larry Clayton Rimmer argues the trial court erred in denying his motion to reopen the evidence to allow him to present evidence that the son had been charged with possession of the marijuana found in bags in the house. While the trial court may, within its discretion, reopen the case to allow additional evidence (see *Traylor v. State*, 163 Ga. App. 473 (2) (294 SE2d 707) (1982)), the court here did not abuse its discretion in refusing to reopen the case. The witness' admission of possession was already before the jury. That the witness was charged with possession of the same contraband defendant was charged with possessing is not inconsistent with defendant's guilt as a joint possessor of the contraband.

3. The total weight of the marijuana found in four separate bags in the house was just under three ounces, therefore resulting in the charge for possession of more than one ounce of marijuana, a felony. Defendant Larry Clayton Rimmer argues the trial court erred in denying his request to charge the jury on the lesser included misdemeanor offense of possession of less than one ounce of marijuana because, he argues, the jury could have found he was in possession of fewer than all four of the bags of contraband found in the house. We disagree that defendant was entitled to such a charge. The State presented evidence from which the jury could find defendant was guilty of possession, at least jointly, of all the contraband found in the house and defendant presented evidence, by his denial, that he was in possession of none of the contraband found in the house. However, no evidence was presented that defendant was in possession of only some, but not all, the contraband found in the house.

4. The charge on constructive possession given by the trial court was a correct statement of the law and was adequate. Therefore, the trial court did not err in refusing to charge the specific language requested by defendant Dana Joy Rimmer.

5. Defendant Dana Joy Rimmer argues the trial court erred in denying her motion to sever the trial of her case from that of her co-defendant husband. "Since the grant or denial of a motion to sever is left in the discretion of the trial court, its ruling will only be reversed for an abuse of discretion. . . . The burden is on the defendant requesting the severance to 'make a clear showing of prejudice. . . .' [Cits.]" *Baker v. State*, 238 Ga. 389, 391 (233 SE2d 347) (1977). Defendant husband voluntarily testified at trial and therefore defendant wife was not deprived of the opportunity to cross-examine him or otherwise present evidence to distinguish her culpability from that of her husband. No abuse of discretion was shown and we will not reverse the trial court's denial of the motion to sever.

6. Finally, defendant Dana Joy Rimmer argues the evidence was insufficient to support the conviction. The evidence showed a "beaten path" from defendants' yard led to four patches of growing marijuana. Another patch was directly across the street from defendants' house. The marijuana cut from these patches weighed over one hundred pounds. Defendants, husband and wife, worked together in a landscaping business and worked with plants grown in black plastic buckets. Buckets of this type were found near the growing marijuana plants and in the crawl space beneath defendants' house. Four bags containing a total of just under three ounces of marijuana were found in defendants' house and two leaves of a marijuana plant were found drying in the attic above defendants' carport. "The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.] Under the facts of this case, we are satisfied that any rational trier of fact reasonably could have found proof of the essential elements of the [crimes] charged beyond a reasonable doubt." *Laws v. State*, 153 Ga. App. 166, 167 (1) (264 SE2d 700) (1980).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1990.

*Gammon & Anderson, W. Wright Gammon, Jr., Mundy & Gammage, George E. Mundy*, for appellants.

*William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.