963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William B. STROMBERG, et al. Defendant-Appellant.
 No. 91-15859.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided May 13, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Stromberg appeals the district court's judgment in favor of the United States in the United States' forfeiture action against real property owned by Stromberg. Specifically, Stromberg challenges the district court's denial of his motion to suppress incriminating evidence seized pursuant to a warrant later found to be lacking in probable cause. The ultimate issue before us is whether the district court correctly applied the good faith exception to the exclusionary rule, rendering the improperly obtained evidence admissible. See United States v. Leon, 468 U.S. 897.
 
 
 3
 The district court had jurisdiction pursuant to 21 U.S.C. §§ 881(a) and 847. This court has jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1292. We affirm.
 
 
 4
 * Hawaii County Police Officer Ernest Saldua signed and swore to an affidavit in support of a state court warrant to search property belonging to Stromberg. On April 6, 1988, Saldua executed the warrant, seizing a variety of drugs and drug-related items during the search.
 
 
 5
 The government initiated an action for forfeiture of the real property that was the subject of the search. Stromberg alleged that the affidavit in support of the warrant contained false and misleading statements and omissions and moved to suppress the evidence, requesting a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The district court denied the request for a Franks hearing but conducted an evidentiary hearing and subsequently found there was insufficient evidence to establish probable cause. Nevertheless, the court refused to suppress the challenged evidence based upon the "good faith exception" to the exclusionary rule enunciated in United States v. Leon, 468 U.S. 897 (1984). Stromberg argues on appeal that the warrant was not executed in good faith.
 
 II
 
 6
 A district court's application of the "good faith" exception to the exclusionary rule is a mixed question of law and fact that we review de novo. United States v. Hove, 848 F.2d 137, 139 (9th Cir.1988). A district court's decision not to hold a Franks hearing is reviewed de novo. United States v. Burnes, 816 F.2d 1354, 1356 (9th Cir.1987).
 
 III
 
 7
 In Leon, the Supreme Court recognized a good faith exception to the exclusionary rule for searches conducted pursuant to warrants. Observing that the purpose of the exclusionary rule is to deter unlawful police conduct, the Court reasoned that this purpose would not be served, and the rule should not be applied, when officers engage in "objectively reasonable law enforcement activity." 468 U.S. at 918-19. The Court found this to be "particularly true ... when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Id. at 920.
 
 
 8
 Although it stated that searches conducted pursuant to warrants will rarely require suppression, the Leon Court did list four situations in which suppression would still be appropriate. Id. at 923. These situations are (1) "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) "where the issuing magistrate wholly abandoned his judicial role," (3) where the "warrant [is] based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' " and (4) where "a warrant [is] so facially deficient ... that the executing officers cannot reasonably presume it to be valid. Id. Stromberg argues that the first and third of these limitations preclude the application of the good faith exception in this case.
 
 
 9
 * Stromberg claims that the statement in Officer Saldua's affidavit that "there is a well defined trail leading from STROMBERG'S property to the area of the marijuana plants" was knowingly false and misleading. A warrant will not satisfy the good faith exception if the district court properly finds, pursuant to Franks, that the magistrate or judge issuing the warrant "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." Leon, 468 U.S. at 923. In making such a claim, it is the defendant's burden to overcome a presumption that the affidavit was valid. Franks, 438 U.S. at 171. To obtain an evidentiary hearing on the question of falsity, "the challenger's attack must not be conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.... Allegations of negligence or innocent mistake are insufficient." Id.
 
 
 10
 Applying this standard, the district court denied Stromberg a Franks hearing. See District Court Order at 8. It later cited to its reasons for finding that a hearing was not warranted, to support its conclusion that there was no showing of deliberate falsehood that would demonstrate a lack of good faith. We hold that the district court did not err in reaching this conclusion. See id. at 13.
 
 
 11
 In support of his request for a Franks hearing, Stromberg alleged that if such a hearing were held, Officer Saldua would testify that:
 
 
 12
 Officer Saldua first discovered the five marijuana plants on the Hickcox property on a trail leading from the plants to another trail on the Hickcox property. This second trail went both toward the Hickcox residence and toward the Stromberg property line. Officer Saldua followed the second trail toward the Stromberg property line until he came upon an old abandoned small cabin or chicken shack approximately 10 feet from the rock wall dividing the Hickcox and Stromberg properties, and there stood behind a large tree to avoid possible detection. From this position, Officer Saldua observed the two dwellings on the Stromberg property.
 
 
 13
 Officer Saldua did not observe the second trail going all the way to the Stromberg property line, but only saw a trail going toward the Stromberg property up to approximately two feet short of the rock wall. Officer Saldua did not see a trail going across or through the rock wall and did not see any trails on the Stromberg property leading toward, to or from either dwelling. Finally, Officer Saldua observed no irrigation, hoses or other watering system leading to or from either dwelling toward or to the area where the marijuana was discovered.
 
 
 14
 Id. at 6-7.
 
 
 15
 The district court concluded that his proffer did not satisfy Stromberg's burden under Franks. We agree that nothing in this testimony would show the Saldua's affidavit was false, let alone that Saldua deliberately lied or recklessly disregarded the truth. The proffer is perfectly consistent with the affidavit's statement that the path led from Stromberg's property to the marijuana. There is no material difference between a path that leads "from STROMBERG'S property" and one that begins "about two feet short of the rock wall" that marks the Stromberg property line.
 
 B
 
 16
 Stromberg also asserts that the search warrant was "so lacking in indicia of probable cause" that Saldua's reliance on it was unreasonable. "The test for reasonable reliance is whether the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause.' " Hove, 848 F.2d at 139. The district court held that reasonable minds could disagree over whether there was probable cause to issue the affidavit, and therefore concluded that Officer Saldua's reliance on the warrant was objectively reasonable.
 
 
 17
 The question of reasonable reliance is a close one. Courts have found probable cause where there is a "beaten path" leading from the residence searched to the cultivated marijuana plants. See e.g., State v. Brighter, 621 P.2d 374, 380 (Haw.1980); Rimmer v. State, 398 S.E.2d 282, 283-84 (Ga.App.1990); Brooks v. State, 231 S.E.2d 138, 139 (Ga.App.1976). Here, of course, the "well-defined trail" ran from the property line, not from the residence for which the search warrant was issued. But the absence of a trail from the wall to Stromberg's residence is explained by the fact that the turf on Stromberg's property was "scrubby grass." District Court Order at 8. Furthermore, prior to applying for the warrant, Saldua discussed and reviewed his affidavit with then Deputy Prosecutor Rick Gregg. This step is indicative of good faith. See United States v. Taxacher, 902 F.2d 867, 872 (11th Cir.1990), cert. denied, 111 S.Ct. 1307 (1991).
 
 
 18
 Under these circumstances, we cannot say that the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. We therefore conclude that the district court did not err in finding that the warrant was valid under the good faith exception to the exclusionary rule.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3