## A11A0100. HOLLAND v. THE STATE.

### (714 SE2d 126)

SMITH, Presiding Judge.

Felicia Holland and her husband were jointly indicted and charged with theft by shoplifting and two counts of obstruction.[1] Following a joint trial, the jury acquitted Holland's husband on all counts, but found Holland guilty of theft by shoplifting.[2] The trial court sentenced Holland as a recidivist to serve ten years. Following the denial of her motion for new trial, Holland appeals, citing several claims of error. Having reviewed these claims, we affirm the judgment of conviction, but vacate Holland's sentence and remand the case for resentencing.

The record reveals that a drug store employee heard a man and a woman whispering in one of the store aisles. The employee thought it was unusual and asked if she could assist them and the couple said "no." The employee noticed that the couple had several cans of powder baby formula and a pack of diapers in their shopping cart. She alerted other store personnel because large amounts of baby formula were "not something normally purchased" from a drug store because the price there was higher than at a grocery store.

After alerting other store personnel, the employee saw the couple again and noticed that the formula "was not viewable," but that the two had a large bag that was "bulgy from something inside it." When she saw the man bring two shirts over to the cart and place them on top of the bag, she went to the stockroom to call security. After the employee returned, she noticed the shopping cart was empty except for the pack of diapers. She ran to the front of the store and saw the couple walking out the front door with the woman carrying the bag. The employee followed the two out to the parking lot where she confronted them, telling them that she knew "they had taken something." The man and the woman drove away "very hurriedly," with the woman driving the van.

The employee ran into the store, "telling them to call 911 and yelling the tag number at the same time." When police arrived, she gave them a description of the couple, a description of the vehicle they were driving, an "older-model, blue Astro van," and what she believed to be the vehicle's tag number. The employee identified Holland and her husband as the man and woman she saw in the store.

Police officers nearby received a call concerning the incident and observed a van fitting the description. They followed the van, and when it pulled over on its own accord, they called in the tag number

---

[1] Holland's husband was also charged with driving with a suspended license.

[2] The trial court directed a verdict on Holland's obstruction counts.

and confirmed that it was the same van involved in the drug store incident. When officers exited their patrol car and approached the van, the "male suspect got out of the passenger side, walked around to the driver's side, opened the door." The officers identified themselves and ordered the man to stop. As the officers repeated their command, the man "never did turn around . . . jumped into the vehicle. He didn't even slam shut the door on his own. He just put it in drive and took off." One of the officers identified Holland's husband as the man he observed walk around the van and drive off.

An officer with the police aviation unit testified that he began pursuit of the van by helicopter, and saw the van stop in a cul de sac. Two occupants of the van jumped "out of the vehicle and start[ed] running on foot." Officers landed the helicopter and apprehended Holland who was "sweating profusely" and not wearing any shoes. They then searched the van and discovered numerous cans of baby formula, three shirts, and a large plastic bag that were identified by the drug store employee as items from the store. The police later arrested Holland's husband.

1. Holland contends that the trial court abused its discretion in denying her motion to sever her trial from that of her husband. Holland's argument is two-fold. She contends that severance was required because her counsel and her husband's counsel "disagreed as to two pieces of evidence," the owner of the van and Holland's address. Holland argues further that the court's denial of severance forced her "to choose between her right to a defense and her spousal privilege."

"Since the grant or denial of a motion to sever is left in the discretion of the trial court, its ruling will only be reversed for an abuse of discretion." (Citation and punctuation omitted.) *Rimmer v. State*, 197 Ga. App. 294, 296 (5) (398 SE2d 282) (1990). "The burden is on the moving party to make a clear showing of prejudice and a denial of due process in the absence of severance." (Citation omitted.) *Ward v. State*, 288 Ga. 641, 644 (3) (706 SE2d 430) (2011).

> The defendant requesting a severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance. Factors the trial court should consider in exercising its discretion include: (1) whether the number of defendants creates confusion of the evidence and law applicable to each defendant; (2) whether a danger exists that evidence admissible against one defendant will be considered against the other, despite cautionary instructions; and (3) whether the defenses are antagonistic.

(Citation and punctuation omitted.) *Loren v State*, 268 Ga. 792, 795

(2) (493 SE2d 175) (1997).

With regard to Holland's first claim, there is nothing in the record to show that the defense attorneys disagreed about evidence concerning the van's registration. The record does reveal that Holland's husband's counsel asked an officer what address he had for Holland. Holland's counsel objected to the officer reading Holland's address from a copy of a warrant without the warrant itself being admitted. The objection was overruled. Even if this exchange could be construed to show that the defenses of Holland and her husband were antagonistic, it fails to demonstrate "a clear showing of prejudice and a denial of due process in the absence of severance." *Ward*, supra. "The mere fact that the defenses of co-defendants are antagonistic is not sufficient to mandate a severance. Appellant must also demonstrate harm by the failure to sever." (Citation omitted.) *Loren*, supra, 268 Ga. at 795 (2).

In support of her second argument, Holland points to OCGA § 24-9-23, which provides that "[h]usband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding for or against each other." As explained in *United States v. Ferrer*, 2008 WL 4890034 (M.D. Pa. 2008) (unpublished), Holland's argument here presents a "conflict between a right and a privilege. On the one hand, the Constitution guarantees a criminal defendant the *fundamental right* to testify at trial on his or her own behalf. This right is 'personal,' and can be waived only by the defendant and only if done knowingly, voluntarily, and intelligently." (Citations and punctuation omitted; emphasis supplied.) Id. On the other hand, OCGA § 24-9-23 provides a *privilege* to protect the harmony and unity of marriage, *Phillips v. State*, 278 Ga. App. 439, 441-442 (1), n. 2 (629 SE2d 130) (2006), which can be waived, see *Biswas v. State*, 255 Ga. App. 339, 341 (1) (565 SE2d 531) (2002). Holland cites no authority prohibiting a spouse from having to choose between not testifying or testifying against her husband. In essence, she argues that she was compelled *not* to testify, which is not safeguarded by OCGA § 24-9-23 and is not a denial of due process.

At the hearing on the motion to sever, Holland's counsel argued that Holland wished to testify in the trial in her own defense and that her testimony would inculpate her husband. Counsel argued further that if severance was granted, Holland "can testify at will during the trial or make a proffer to the Court. She would testify at trial that I did not — that she did not commit any shoplifting." But other portions of the record undercut Holland's claim that she would have testified if she had been granted a severance. At the hearing on the motion for new trial, Holland's counsel testified that Holland

chose not to testify because

> we talked about it and — and we talked with each other about it and because of the prior record and because of the fact that the impeachment law is the way it is here in Georgia, that — you know, we just — both of us decided, but it was her final decision, that she would have just been crucified if she had gotten up and testified.

Moreover, as in *Loren*, supra, 268 Ga. at 795 (2), there was nothing confusing about the evidence in this case and no danger that the evidence against Holland's husband would be considered against Holland. Id. (wife's request for severance from husband's trial denied where no clear showing of prejudice or denial of due process). Because Holland has made no showing of harm, the trial court did not err in denying Holland's motion for severance. See id.; see also *Rimmer*, supra, 197 Ga. App. at 296 (5) (no abuse of discretion in refusing to sever wife's trial from trial of co-defendant husband).

2. Holland contends that the trial court made comments to a prosecution witness that improperly bolstered that witness's credibility. During trial, the following colloquy took place between the trial court and an officer who testified for the State:

> [The court:] Every now and then we say things that don't have anything to do with this trial. Have you seen the commercial, Greg, about the — Howie Long, the NFL football player that's advertising for Silverado, and the guy is comparing Chevrolets to Toyotas and Hondas and all. The guy's looking at him and says, you've got cop hair. You've got cop hair, Greg.
> [Officer:] I — I hope it looks good.
> [The court:] It looks good, Greg. Go ahead, please.

At another point in the trial, the court asked the officer if his police helicopter had a GPS system, and after the officer's response, the trial court stated: "Thank you. Good seeing you again, Greg. Take care."

Holland argues that by this exchange with the officer and by using the officer's first name, the trial court showed "familiarity, respect, and affection" for the officer, and therefore commented favorably upon his credibility. OCGA § 17-8-57 provides: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." Although some of the court's comments seemed to suggest approval of the

officer and "should be avoided to prevent even the slightest intimation of partiality," *O'Hara v. State*, 241 Ga. App. 855, 859 (3) (528 SE2d 296) (2000), we cannot agree that the remarks "undermined the integrity of the process or improperly enhanced the credibility of this witness," id., or commented upon what was proved or Holland's guilt.

3. Holland contends that the trial court erred in admitting hearsay testimony concerning the vehicle registration of the van without admitting the registration record. An officer who responded to the scene testified that the vehicle tag number given to her by the employee was incorrect, "[s]ome of the numbers were transposed." The officer stated further that she came "across the correct tag number, ran it through dispatch and ran it on the in-car computer," and discovered that the van was registered to John Walter Williams.[3] The trial court allowed this testimony over Holland's hearsay objection.

We have held that where an officer runs a computer check of a tag, testimony regarding the results of the search is hearsay. *Green v. State*, 277 Ga. App. 867, 869 (1) n. 7 (627 SE2d 914) (2006). "The proper method of offering proof on this issue would have been through the introduction of a properly authenticated printout of the computer record rather than by the officer's testimony alone." (Citation and punctuation omitted.) Id. Although the trial court improperly allowed the hearsay testimony of the officer here, the admission of that evidence was harmless in light of the overwhelming direct and circumstantial evidence against Holland. See *Bridges v. State*, 268 Ga. 700, 708 (6) (492 SE2d 877) (1997) (admission of hearsay harmless in light of overwhelming evidence).

4. Holland contends that the trial court gave the jury an "erroneous and confusing instruction concerning the decision to direct a verdict on some of the charges," and that trial counsel was ineffective in failing to object to the instruction. The trial court instructed the jury:

> After listening to the motions and considering everything that was told me in those motions, my decision and my ruling was, as to count two and to count four, I have granted a directed verdict in favor of Ms. Holland as to count two and count four. You will not need to consider guilt or innocence on Ms. Holland with regards to either of the obstruction charges. I have taken that away from you. I've entered basically a Court's plea of not guilty or a Court's

---

[3] There was evidence that Holland's former last name was Williams.

finding of not guilty in favor of Ms. Holland on those two counts only. And that's the only thing I wanted to call to your attention.

Holland contends that this instruction implied that she was guilty of the other charges and that a "proper instruction would have said nothing about guilt, innocence, or not guilt." Holland complains further that the court's instruction violated OCGA § 17-8-57 (it is error for a judge in a criminal case to express or intimate his opinion as to the guilt of the accused).

The Georgia Supreme Court has held, however, "that remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citation and punctuation omitted.) *Linson v. State*, 287 Ga. 881, 884 (2) (700 SE2d 394) (2010). And as in *Linson*, the trial court did not express any opinion as to the sufficiency of the evidence against Holland. Id.; see also *Young v. State*, 269 Ga. 490, 493-494 (4), n. 6 (500 SE2d 583) (1998) (no error in court's statement to jury that there was insufficient evidence for jury to consider verdict against one defendant and that case was still pending against other two defendants).

Because there was no error in the trial court's instruction to the jury, trial counsel was not ineffective for failing to object. *Howard v. State*, 305 Ga. App. 159, 163 (3) (a) (699 SE2d 114) (2010) (trial counsel not ineffective for failing to make a meritless objection).

5. Holland contends that the trial court erred in sentencing her under OCGA § 17-10-7 without exercising its discretion to probate or suspend the sentence.[4] The State introduced Holland's convictions for bail jumping, theft by receiving stolen property, and giving a false name, and three convictions for theft by shoplifting. Pursuant to OCGA § 17-10-7 (a) and (c) (recidivist sentencing), and OCGA § 16-8-14 (b) (1) (C) (theft by shoplifting), the trial court was required to sentence Holland to a term of ten years. See *Lester v. State*, 309 Ga. App. 1, 3 (2) (710 SE2d 161) (2011). However, the trial court also had discretion to probate or suspend her sentence after she served one year in confinement. OCGA § 16-8-14 (b) (1) (C).

In sentencing Holland, the following colloquy took place between the trial court and Holland's counsel:

[The court:] All right. Would you explain the range of punishment, please?

---

[4] Holland makes no argument regarding the length of the sentence.

[The State:] Yes, Judge, theft by shoplifting, that carries in the state of Georgia a possible sentence range of one to ten years in the state prison —

[The court:] All right.

[The State:] — and the recidivist treatment, ten years, Judge.

[The court:] Thank you, sir. [Holland's counsel], anything on behalf of your client, sir?

[Counsel:] Judge, I think your sentence — you can have only one sentence according to law.

[The court:] Yes, sir.

(Pause)

[The court:] All right. Ms. Holland . . . [t]he jury's found you guilty of shoplifting. In this particular case this was under the recidivism statute, which means, as you understand, talking to your attorney, both before we started this trial and now, that upon a conviction, that you were looking at ten years *to serve* in prison. . . . Your sentence, ma'am, will be ten years to serve in prison. That's the order of the [c]ourt.

(Emphasis supplied.) At the hearing on the motion for new trial, trial counsel testified about the following discussion between the court and counsel before trial:

The . . . State had already given me notice of recidivist treatment. They had given me, for the purposes of aggravation of sentence, and I think they only needed three prior felony convictions. I think they actually had four, if I'm not mistaken. . . . I went over that with Felicia. *And the Judge made it clear the — the day before.* I was satisfied from reading the Code and knowing the Code. . . . But that if she's convicted after being a recidivist, *the Judge would not even have the discretion to probate or defer any of the sentencing, that it would be a maximum prison sentence, and that's — you know, that's what we're going for. I mean, and he told her that. He told us all that.*

(Emphasis supplied.)

"Unless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence." (Citation and punctuation omitted.) *Paige v. State*, 277 Ga. App. 687, 688 (2) (627 SE2d 370) (2006); see also *Lester*, supra. Here, Holland has demonstrated on the record that the trial court may not have

exercised its discretion to consider probating or suspending a portion of Holland's sentence. Under these circumstances, and out of an abundance of caution, we vacate Holland's sentence for this reason and remand the case for resentencing with direction to the trial court to exercise its discretion in reimposing sentence. See *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999) (trial court stated it had no discretion in sentencing defendant).

6. Holland contends in her remaining enumeration that trial counsel was ineffective in failing to inform the trial court of its discretion to probate or suspend a portion of her sentence. Because we have vacated Holland's sentence and remanded this case for resentencing, this argument is moot.

*Judgment affirmed, sentence vacated, and case remanded for resentencing. Mikell and Dillard, JJ., concur.*

DECIDED JULY 7, 2011.

*Elizabeth A. Brandenburg, Marcia G. Shein*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.