**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 23, 2015**

# In the Court of Appeals of Georgia

A15A1374. HOBBS v. THE STATE.

PHIPPS, Presiding Judge.

Alan Scott Hobbs was convicted of making terroristic threats,[1] improperly backing a vehicle,[2] failing to stop at or return to the scene of an accident,[3] and

---

[1] OCGA § 16-11-37 (a) (pertinently providing, "A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence."). Count 1 of the indictment charged that Hobbs committed the offense of terroristic threats by "threaten[ing] to commit Murder, a crime of violence, with the purpose of terrorizing [J. B.]."

[2] OCGA § 40-6-240 (a) ("A driver shall not back a vehicle unless such movement can be made with safety and without interfering with other traffic."). Count 3 charged that Hobbs committed the offense of improper backing by failing to back his vehicle in such a manner that movement could be made with safety and without interfering with other traffic.

[3] OCGA § 40-6-270 (a) (pertinently providing, "The driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and

reckless driving (as a lesser included offense of driving under the influence of alcohol).[4] He appeals following the denial of his motion for new trial, asserting errors relating to the court's instructions to the jury and to sentencing. For the reasons that follow, we affirm his convictions but vacate his sentence as to the misdemeanor counts and remand the case for resentencing.

Viewed in the light most favorable to the verdict,[5] the evidence at trial showed the following. J. B. testified that at about 10:30 a. m. on June 1, 2006, he was test-driving a motorcycle on Belair Frontage Road when he looked in his rearview mirror and saw that a car was "right on [his] bumper." J. B. sped up to put some distance between the two vehicles, but the car, which Hobbs was driving, continued to closely follow the motorcycle. When J. B. applied the brakes on the motorcycle, Hobbs

forthwith return to the scene of the accident."). Count 4 charged Hobbs with failing to stop at or return to the scene of an accident.

[4] OCGA § 40-6-390 (a) ("Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."). Count 5 charged Hobbs with driving a vehicle while under the influence of alcohol to the extent it was less safe to drive. OCGA § 40-6-391 (a) (1). (We note that Count 2 charged Hobbs with aggravated assault, but the jury was unable to reach a verdict on that count.)

[5] See *Jones v. State*, 296 Ga. 663 (1) (769 SE2d 901) (2015) (viewing the evidence in the light most favorable to the verdict where the challenge on appeal was to the jury instructions).

2

pulled alongside him and, with the car window down, yelled, "I'll f***ing kill you!" J. B. testified that Hobbs kept "shouting obscenities, telling me he'll run me over, knock me down, kill me." Hobbs then maneuvered his car such that it forced the motorcycle into the lane for oncoming traffic. J. B. brought the motorcycle to a stop; Hobbs pulled behind J. B. and drove his vehicle into the rear of the motorcycle. J. B. turned off the motorcycle, dismounted, and "took a few steps back, basically clearing myself from the scene." Hobbs then backed his car up, and drove it forward over the motorcycle. J. B. ran to Hobbs's car, reached through the window, and punched Hobbs. Hobbs backed his car up, striking a truck stopped behind him, and drove away. The police were called, and when they arrived J. B. gave officers Hobbs's license plate number and other information. At trial, J. B. identified Hobbs as the car's driver.

A woman testified that on the morning in question, she was in a stopped vehicle on Belair Frontage Road when she saw a car strike the rear of a motorcycle. She heard someone in the car yell, "I'm going to kill you or I'll kill you." The car backed up, went forward and struck the motorcycle. The driver of the motorcycle then punched the car's driver, after which the car's driver backed up, struck a truck behind him, and drove away.

A sheriff's deputy testified that at about 1:00 p. m. on the same day, he located the car that witnesses had described. It was parked behind a shed at Hobbs's residence; the car had front end damage.

Hobbs testified on his own behalf, admitting that he had struck the motorcycle from the rear, but insisted that it had been an accident. Hobbs claimed that the motorcycle driver had been the aggressor, and that he (Hobbs) had driven over the motorcycle and then fled because he was afraid that the driver was going to harm or kill him. Hobbs testified that he had not threatened to kill the driver, adding that neither of the men had said anything during the incident.

1. Although Hobbs does not challenge the sufficiency of the evidence, we find that the jury was authorized to find him guilty beyond a reasonable doubt of the offenses for which he was convicted.[6]

---

[6] See generally *Williams v. State*, 271 Ga. App. 755, 756 (610 SE2d 704) (2005) (terroristic threats); *Jones v. State*, 259 Ga. App. 506, 509 (2) (578 SE2d 165) (2003) (improper backing); *McKay v. State*, 264 Ga. App. 726, 728 (1) (592 SE2d 135) (2003) (failure to stop at or return to the scene of an accident); *Fraser v. State*, 263 Ga. App. 764, 766 (1) (589 SE2d 329) (2003) (reckless driving).

2. Hobbs contends that his conviction for terroristic threats should be reversed because the trial court failed to instruct the jury on the elements of murder.[7] He asserts that because the indictment alleged that he had committed the offense of terroristic threats by threatening to commit the offense of murder, the court was required to explain the elements of murder. This assertion presents no basis for reversal.

Hobbs did not raise any such objection to the jury charge at trial. Because the trial in this case took place in November 2007, after the effective date of OCGA § 17-8-58,[8] Hobbs was required to inform the trial court of any specific objections to the charge before the jury retired to deliberate, and his failure to make any such objection precludes appellate review unless the jury instruction constituted plain error affecting substantial rights of the parties.[9] There was no such error in this case.

---

[7] In its instructions to the jury at the conclusion of the trial, the court pertinently defined the offense of terroristic threats as follows: "In Count One, he's charged with terroristic threats. A person . . . commits the offense of terroristic threats and acts when he threatens to commit any crime of violence on another person." See OCGA § 16-11-37 (a), and footnote 1, supra.

[8] Ga. L. 2007, p. 595, §5.

[9] See OCGA § 17-8-58 (a), (b); *Loadholt v. State*, 286 Ga. 402, 405 (3), n. 3 (687 SE2d 824) (2010).

5

[I]t was not necessary for the state to prove the elements of murder in order to prove the crime of terroristic threats alleged in the indictment. All the state had to do, to satisfy this part of its case, was to persuade the jury beyond a reasonable doubt that the crime communicated as a threat by the defendant was a crime of violence. . . .We doubt any juror would entertain even a temporal notion that murder was not a violent crime.[10]

Furthermore, "reversal is not mandated where . . . the charge as a whole limits the jury's consideration to the specific manner of committing the crime alleged in the indictment."[11] Here, the trial court instructed the jurors that the indictment, which had been, in essence, read to them at the start of the trial,[12] formed the issue that they had been sworn to try, and that the state had the burden of proving beyond a reasonable doubt every material allegation in the indictment. The trial court also sent the

---

[10] *Lanthrip v. State*, 235 Ga. 10, 13 (2) (218 SE2d 771) (1975); see generally *Mays v. State*, 317 Ga. App. 24, 28-29 (2) (730 SE2d 651) (2012) (trial court did not err by failing to charge the jury on the definition of "malicious" in connection with the charge on aggravated battery (of which malice is an element), inasmuch as "'[m]alicious,' as applied to aggravated battery, has such obvious significance and common understanding that there is no need to define it in the jury charge.").

[11] *Martin v. State*, 303 Ga. App. 117, 121 (3) (692 SE2d 741) (2010) (citation and punctuation omitted).

[12] The court pertinently instructed the jury regarding the indictment at the beginning of the one-day trial: "In Count One, they've charged him with terroristic threats. It's alleged that on or about June 1, 2006, Mr. Hobbs threatened to commit the crime of murder against a Mr. [J. B.]."

indictment out with the jury during its deliberations. These limiting instructions and procedures cured any complained-of error as to the terroristic threats jury charge.[13] Thus, considering the jury charge as a whole, we conclude that "there is no reasonable probability that the jury convicted [Hobbs] of [committing the offense of] terroristic threats in a manner not alleged in the indictment."[14]

3. The trial court sentenced Hobbs to confinement for five years for making terroristic threats,[15] twelve months for improper backing,[16] twelve months for failure to stop at or return to the scene of an accident,[17] and twelve months for reckless

[13] See *Schneider v. State*, 312 Ga. App. 504, 507-508 (2) (718 SE2d 833) (2011); *Machado v. State*, 300 Ga. App. 459, 462-463 (5) (685 SE2d 428) (2009). Compare *Milner v. State*, 297 Ga. App. 859, 860-861 (1) (678 SE2d 563) (2009) (conviction reversed where court failed to give limiting instructions ensuring that the jury would find defendant guilty of terroristic threats in specific manner charged in indictment).

[14] *Schneider*, supra at 508 (2) (citations and punctuation omitted); see also *Martin*, supra.

[15] See OCGA § 16-11-37 (c) (pertinently providing for punishment of imprisonment for one through five years for terroristic threats); OCGA § 16-1-3 (5) (defining "[f]elony" as "a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months.").

[16] See *Pfeiffer v. State*, 173 Ga. App. 374 (1) (326 SE2d 562) (1985) (noting that the offense of improper backing is a misdemeanor).

[17] See OCGA § 40-6-270 (c) (1) (A) (pertinently providing for misdemeanor treatment for a violation of OCGA § 40-6-270 (a) (duty of driver to stop at or return

driving.[18] Notably, each sentence imposed was within the statutory limits for the crime charged.[19] The court ordered that all counts were to run consecutively to each other.

Hobbs contends that the sentences were improper because the court failed to exercise its discretion when it: (a) announced that, pursuant to the recidivist statute (OCGA § 17-10-7), it was required to sentence him to the maximum sentence on each count, and indeed sentenced him accordingly, when that statute is not applicable to sentencing on misdemeanor counts; and (b) ordered the sentences on all counts to run consecutively.

The interpretation of a statute is a question of law, which this court reviews de novo.[20]

(a) Prior to trial, the state filed notice of its intent to seek recidivist sentencing pursuant to OCGA § 17-10-7 (a). During sentencing, the state introduced evidence

---

to scene of accident)).

[18] See OCGA § 40-6-390 (b) (pertinently providing that reckless driving is a misdemeanor, punishable by imprisonment not to exceed 12 months).

[19] See footnotes 15 through 18, supra.

[20] *Clark v. State*, 328 Ga. App. 268 (1), n. 2 (761 SE2d 826) (2014).

that Hobbs had a prior felony conviction. The court then noted that, in the instant case, Hobbs had been found guilty of one felony count (terroristic threats) and three misdemeanor counts.[21] The court inquired:

> Mr. Hobbs, do you understand that the law, the recidivism notice that was served upon you and your attorney from the district attorney's office, *requires me to sentence you to the maximum to each of these offenses*?[22]

Thereafter, the court imposed the maximum sentence on each offense for which Hobbs had been found guilty.

"OCGA § 17-10-1 authorizes the trial court to sentence a defendant to any amount of time within the limits provided by law."[23] That statute provides, in pertinent part, that "the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be *within the minimum and maximum sentences prescribed by law* as the punishment for the crime."[24] Under

---

[21] OCGA § 16-1-3 (9) (defining "misdemeanor" as "any crime other than a felony").

[22] (Emphasis supplied.)

[23] *Baldwin v. State*, 217 Ga. App. 866, 869 (3) (460 SE2d 80) (1995) (citation omitted).

[24] OCGA § 17-10-1 (a) (emphasis supplied).

9

OCGA § 17-10-3 (a), "[e]xcept as otherwise provided by law, every crime declared to be a misdemeanor shall be punished as follows: (1) By a fine . . . or by confinement in the county or other jail, . . . for a total term not to exceed 12 months, or both." Three of the offenses of which Hobbs was convicted are misdemeanors and, as such, punishable by a fine and/or imprisonment not to exceed 12 months.[25]

The recidivist statute cited by the state and the court, OCGA § 17-10-7 (a), pertinently provides that "any person who, after having been convicted of a felony offense in this state . . . commits *a felony* punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of *the subsequent offense* of which he stands convicted."[26] The statute specifies felony offenses, and makes no reference to misdemeanor offenses. Indeed, this court has summarized OCGA § 17-10-7 (a) as follows: "An individual who has

---

[25] See *Pfeiffer*, supra (improper backing); OCGA § § 40-6-270 (c) (1) (A) (duty to stop at or return to scene of accident); 40-6-390 (b) (reckless driving). See OCGA §§ 17-10-3 (b) (misdemeanors, generally).

[26] (Emphasis supplied.)

10

previously been convicted of *a felony* shall be sentenced upon conviction of *a subsequent felony* to the maximum prescribed punishment for *that offense. . . .*"[27]

We emphasize that "penal statutes are always construed strictly against the State and liberally in favor of human liberty."[28] Thus, even "[i]f [the] statute increasing a penalty [were] capable of two constructions, it should be construed so as to operate in favor of life and liberty."[29]

Here, the trial court stated that the state's recidivism notice required it to impose the maximum sentence on *each* count (and sentenced Hobbs accordingly), when the recidivist statute does not require such sentencing as to misdemeanor crimes. "The trial court's failure to exercise its discretion [as to the three misdemeanor crimes] was error, which we cannot find harmless under these circumstances."[30] We therefore vacate Hobbs's sentences as to the three misdemeanor

---

[27] *Morrison v. State*, 256 Ga. App. 23, 26 (5) (567 SE2d 360) (2002) (emphasis supplied).

[28] *State v. Crossen*, 328 Ga. App. 198, 201 (761 SE2d 596) (2014) (citation and punctuation omitted); see *Clark*, supra at 269 (1) ("[C]ourts must strictly interpret penal statutes against the State.") (citations omitted).

[29] *Knight v. State*, 243 Ga. 770, 775 (2) (257 SE2d 182) (1979) (citation omitted).

[30] *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999).

11

convictions and remand this case to the trial court for resentencing as to those counts.[31]

(b) Because we are remanding the case for resentencing as to the misdemeanor counts, Hobbs's contention that the court failed to exercise its discretion when it ordered all counts to run consecutively is rendered moot. On remand, the trial court has the authority, in exercising its discretion, to reimpose the maximum penalty as well as to impose consecutive sentencing.[32]

*Judgment affirmed, sentence vacated in part, and case remanded for resentencing. Doyle, C. J., and Boggs, J., concur.*

---

[31] See id.; see generally *Minter v. State*, 245 Ga. App. 327, 330 (5) (537 SE2d 769) (2000) (because court's remark did not indicate a recognition of its discretion, the sentence was vacated and the case was remanded for resentencing), overruled on other grounds, *Miller v. State*, 285 Ga. 285 (676 SE2d 173) (2009).

[32] *Bradshaw*, supra; see *Minter*, supra; *Osbourne v. State*, 318 Ga. App. 339, 342 (2) (734 SE2d 59) (2012) ("There is no constitutionally cognizable right to concurrent, rather than consecutive, sentences. Under Georgia law, whether to impose consecutive or concurrent sentences for multiple offenses is within the trial court's discretion, so long as the sentence for each offense is within the statutory limits.").