**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 24, 2016**

# In the Court of Appeals of Georgia

A15A2265. BECKER v. THE STATE.

PHIPPS, Presiding Judge.

In February 2013, Richard Becker was found guilty of possession of methamphetamine[1] and obstruction of an officer, and the trial court sentenced him as a recidivist to fifteen years, with the first seven years to be served in confinement and the remaining years to be served on probation.[2] Becker challenges the sentence imposed for the possession of methamphetamine charge. Because, as the state points out in its appeal brief, the record reflects that the trial court erroneously believed that it had no discretion in sentencing Becker to the maximum period of time prescribed

---

[1] See OCGA §§ 16-13-30 (a), (c) (2012); 16-13-26 (3) (B) (2012); Ga. L. 2012, pp. 899, 915, 949, §§ 3-7A (a), (c), 9-1 (a).

[2] Becker was sentenced to 15 years for possession of methamphetamine, and 12 months (concurrent) for obstruction of an officer.

for the punishment of possession of methamphetamine, the case must be remanded for resentencing.

1. The trial court sentenced Becker as a recidivist pursuant to OCGA § 17-10-7 (a) and (c). OCGA § 17-10-7 (a) pertinently provides that "[a]ny person who, after having been convicted of a felony offense . . . commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he . . . stands convicted"; but the "trial judge may . . . probate or suspend the maximum sentence prescribed for the offense." OCGA § 17-10-7 (c) pertinently provides that a defendant convicted of a fourth felony "shall . . . serve the maximum time provided in the sentence of the judge" and "shall not be eligible for parole until the maximum sentence has been served."

OCGA § 17-10-7 (b.1) provides that: "Subsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a) . . . of Code Section 16-13-30." In 2012, the General Assembly added subsection (b.1) to OCGA § 17-10-7; in the same Act, the General Assembly added language to subsections (a) and (c) of OCGA § 17-10-7, providing that (a) and (c)

2

applied "[e]xcept as otherwise provided in subsection . . . (b.1). . . ."[3] Subsection (b.1) and the revisions to subsections (a) and (c) became effective on July 1, 2012, and applies to offenses which occurred on or after that date.[4]

In this case, the crimes were committed in August 2012. Therefore, pursuant to the then newly-enacted subsection (b.1) and to the revisions to subsections (a) and (c), the trial court erred in sentencing Becker as a recidivist pursuant to OCGA § 17-10-7 (a) and (c), and in believing that it was required to impose upon Becker the maximum sentence for possession of methamphetamine.[5] Accordingly, the sentence imposed by the trial court for possession of methamphetamine is vacated, and the case is remanded for resentencing as to that count.[6]

2. Because we are vacating Becker's sentence for possession of methamphetamine and remanding this case for resentencing as to that count, Becker's

---

[3] See Ga. L. 2012, pp. 899, 926, 949, §§ 4-4, 9-1 (a).

[4] Id.

[5] See *von Thomas v. State*, 293 Ga. 569, 570, n. 1 (748 SE2d 446) (2013); see generally *Hobbs v. State*, 334 Ga. App. 241, 244-246 (3) (a) (779 SE2d 15) (2015); *Pardon v. State*, 322 Ga. App. 393, 399 (3) (745 SE2d 658) ( 2013).

[6] See *Hobbs*, supra at 246 (3) (a); *Holland v. State*, 310 Ga. App. 623, 629-630 (5) (714 SE2d 126) (2011).

3

contention that the trial court abused its discretion when it denied his request to reduce his sentence for possession of methamphetamine on the basis that the sentence was grossly disproportionate to the underlying crime and was cruel and unusual punishment is rendered moot.[7]

*Judgment affirmed, sentence affirmed in part and vacated in part, and case remanded for resentencing. Doyle, C. J., and Boggs, J., concur.*

---

[7] See *Hobbs*, supra at 246-247 (3) (b); *Holland*, supra at 630 (6).